# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

LANCE MITCHELL OWENS,
ADC #610855                                                                                          PLAINTIFF

V.                               5:12CV00159 SWW/JTR

JOYCE GOOLEY, Mail Room Supervisor;
and WILLIAM STRAUGHN, Warden;
Maximum Security Unit                                                                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Lance Mitchell Owens, is a prisoner at the Cummins Unit of the Arkansas Department of Correction. In this *pro se* § 1983 action, he alleges that, while he was in the Maximum Security Unit in September of 2011, Defendants

Warden William Straughn and Mail Room Supervisor Joyce Gooley violated his First and Fourteenth Amendment rights when they refused to allow him to receive five books.[1]

The parties have filed Cross Motions for Summary Judgment.[2] *See* docket entries #32 and #35. The Court will address each Motion separately.

## II. Defendants' Motion for Summary Judgment

Defendants Straughn and Gooley argue that they are entitled to summary judgment because Plaintiff failed to properly exhaust his administrative remedies against them. *See* docket entries #35, #36, and #37. This argument is well taken.

The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

---

[1] The Court has previously dismissed all other Plaintiffs, claims, and Defendants. *See* docket entries #10, #34, and #43.

[2] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 89–91 (2006).

The PLRA requires inmates to: (1) fully and *properly* exhaust their administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) (emphasis added). Additionally, the Supreme Court has emphasized that: "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90–91. Thus, to satisfy the PLRA, a prisoner must fully comply with the specific procedural requirements of the incarcerating facility. *Id.*

To properly exhaust administrative remedies, an ADC prisoner must: (1) file

an informal resolution; (2) file a grievance to the Warden, if the informal resolution attempt is unsuccessful; and (3) appeal the denial of that grievance to the ADC Deputy/Assistant Director. *See* docket entry #37, Ex. A (ADC Adm. Dir. 10–01 § IV(E) through (G)).

Importantly, the ADC exhaustion policy states that "[g]rievances must specifically name each individual involved for a proper investigation and response to be completed by the ADC" and that "[i]nmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties." *Id.,* Ex. A at 4-5 (ADC Adm. Dir. 09–01 § IV(C)(4) and (E)(2)).[3] Finally, the grievance forms themselves remind prisoners that they must specify the "name of personnel involved." *See* docket entry #2, Exs. 2-A, 3-A, 4-A, and 5-A.

It is *undisputed* that Plaintiff fully exhausted four grievances about the denial of his books. *See* docket entry #37, Ex. B; docket entry #44. However, it is also *undisputed* that Plaintiff did *not* name either Defendant Straughn or Gooley in those grievances as required by the ADC's exhaustion policy. *Id.*

---

[3] Additionally, § IV(N) of Admin. Dir. 09-01 states: "Inmates are hereby advised that they must exhaust their administrative remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit and Claims Commission claim. If this is not done, their lawsuits or claims may be dismissed immediately." Ex. A at 13.

Plaintiff attempts to circumvent that problem by arguing that he did not know the Defendants' identities when he began the grievance process in November of 2011. *See* docket entries #44 and #45. However, Defendant Gooley's name and title were clearly typed on the top of the two notices Plaintiff received, in September of 2011, regarding the rejection of his books. *See* docket entry #2 at Ex. 1-C; docket entry #38, Exs. D and E. Additionally, by September of 2011, Plaintiff had been in the Maximum Security Unit for *at least* fourteen months. *See* docket entry #38, Ex. F. It defies credulity to believe that he did not learn Defendant Warden Straughn's identity during that time period, or that he could not have easily determined the Warden's identity shortly after his books were denied. *Id.*

Plaintiff also argues that his failure to properly exhaust his administrative remedies should be excused because prison officials did not timely respond to several of his informal resolutions and grievances. *See* docket entry #38. That argument is irrelevant because none of Plaintiff's informal resolutions or grievances were denied as untimely filed.[4] Instead, they were denied on the merits. In other words, Plaintiff did not run afoul of any of the time requirements in the ADC's exhaustion policy.

---

[4] Additionally, the ADC exhaustion policy allows a prisoner to proceed to the next step if he does not timely receive a response to an informal resolution or grievance. *See* docket entry #37, Ex. A (ADC Admin. Dir. 10-32 § IV(E)(11) and (F)(8).

Instead, he failed to name either of the Defendants, as he was clearly required and able to do. Thus, Defendants are entitled to summary judgment because Plaintiff failed to properly exhaust his administrative remedies against them.

### III. Plaintiff's Motion for Summary Judgment

Plaintiff has moved for summary judgment on the merits of his constitutional claims against Defendants Straughn and Gooley. *See* docket entry #32. However, it is well settled that a court may not proceed to the merits of a prisoner's unexhausted claims. *See Jones,* 549 U.S. at 218 (emphasizing that: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"); *Barbee v. CMS,* Case No. 10-1891, 2010 WL 3292789 (8th Cir. Aug. 23, 2010) (unpublished opinion) (holding that, once a trial court determines that a prisoner's claims are unexhausted, it is "required to" dismiss the case without prejudice, without reaching the merits of any unexhausted claims).

### IV. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (docket entry #35) be GRANTED, and Plaintiff's claims against Defendants Straughn and Gooley be DISMISSED, WITHOUT PREJUDICE, due to a lack of exhaustion.

2. Plaintiff's Motion for Summary Judgment (docket entry #32) be

DENIED, AS MOOT.

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 21st day of November, 2012.

_____
UNITED STATES MAGISTRATE JUDGE